The facts appear sufficiently in the opinion of the court by
Mr. Justice TURNER.
A trustee to whom slaves are conveyed in trust by a debtor, to secure and provide for the payment of debts to one or more persons, may maintain the action of detinue against any person, who is not rightfully in possession of the trust property. 1 Chitty’s Pleading, 48.
In this case, Yates, by deed of indenture, conveyed to Montgomery, as trustee, certain lands and slaves, to secure to Joseph Meek and the plaintiff in error; Newman, the payment of certain debts, specified in the deed of trust. Yates was to remain in the possession of the trust property, and enjoy the rents and profits until the time of sale under the deed of trust. Debts were due to Meek and Newman, severally, and at different periods. In case of non-payment, the sale was to be made, after advertising time and place, “ on the premises,” and Montgomery, the trustee, was to make titles, in case of sale, io the purchasers. All these parties ■joined in the deed of trust. This deed was introduced and read in evidence to the jury on the trial at law, and a witness examined, who proved that Newman, the defendant in the court below, had possession of the slave sued for in this action. .
*743 And the deféndant below moved the court to instruct the jury, in effect, that no action at law would lie by a trustee against his cesiui que-trust, which instruction the court refused.
No evidence appears to have been offered by the defendant below. - .
. Under this state of the case, the cause was submitted to the jury, who found for the plaintiff below, found the value of the slave, and assessed damages for the "detention.
On examination of the cases cited by plaintiff’s counsel on the reargument of this cause, I find • the principle, that the trustee, holding the legal title, may maintain an action at law, is fully sustained. 3 Burr, 1901. In that case the action was maintained. The trustees cannot maintain an' action at law against the rightful possession of the cestui que trust, nor can he, against the vendor, as long as his possessory right to the property continued. But when that right ceased, the trustee can maintain the action at law, for the purpose of protecting the estate, and to be enabled to comply with the terms and condition of the trust confided to him, such, for instance, as to secure the rents and profits, and to sell, convey, and deliver to a lawful purchaser at his sale. 1 H. Black. 447..
The case in 7 John. Ch. Rep. 111, 124, 136, was as to the plea of the statute of limitations by trustees pleaded, and does not apply to the case before us.
Judge Story, in his Commentaries on Equity Jurisprudence, vol. 3, p. 330, states explicitly, that the legal owner holds the direct and,absolute dominion over the property in the view of the law; but the income, profits, or benefits thereof, in his hands, belong wholly, or in part to others. The legal estate in the thing is thus made subservient to certain uses, &c. and these uses, &c. constitute the trusts, which courts of equity will compel the legal owner, as trustee, to perform, in favor of the cestui que trust, or beneficiary. In page 339, the Commentator admits, that there are cases, such as bailments, rights founded in contract, &c. in which a remedy can be administered in courts of law, and refers to Cooper on Eq. Pl. Introduction, p. 37. 3 B. C. 432. 2 Fonb. Eq. 132, ch. 1, sec. 1, note a. 1 Alk. 612. C. L. 390, Butler’s note, 346, sec. 15.
*744 Admitting that a court of equity might lend its aid to the trustee to enable him to perform the trust confided'to him, we still think that he has also his remedy at law to recover the trust property and its incidents, subject always to the remedies in equity of the cestui que trust. It is for his benefit that the trustee seeks to recover in the action brought by him.
There is nothing in the case which shows any right in Newman to seize, hold,.possess, or enjoy the property in question.
■ Let the judgment be affirmed.